No. 4840.

BERTHA LOUIS VS. WIDOW PEPIN, TUTRIX, ET AL.

The motion to dismiss the appeal comes too late. It should have been made within three judicial days after the record was filed in this court.

This suit is brought before the Sixth District Court against the minor heirs of J. F. Pepin, to annul a lease for certain alleged causes and for damages. Defendants have excepted to the jurisdiction on the ground that, under the last clause of section 2011, Revised Statutes, it should have been brought in the Second District Court. The objection is not well founded.

The last clause of the section aforesaid must be construed in connection with the preceding clauses and must be held to refer to all matters in which minors may be interested in the course of the administration of estates falling to them. Any other construction would give the Second District Court exclusive jurisdiction of all suits in which minors might be interested in any degree, as plaintiffs and defendants, co-plaintiffs and co-defendants, which is inconsistent with the first clause of the section and the provision of the constitution on the subject.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J. *B. R. Forman*, for plaintiff and appellant. *E. Bermudez*, for defendants and appellees.

ON MOTION TO DISMISS.

MORGAN, J. The record was filed in this court on the fifth of November, 1873. On the twenty-second of December, 1875, appellees moved to dismiss the appeal, on the grounds that the transcript does not purport to contain all the proceedings had, documents filed, testimony and evidence adduced, in the suit, but merely such as was offered on the trial of the exception; that a number of documents forming part of the record of the lower court, and which the lower court had before it when it decided the exception, were omitted from the transcript, which should

have been included therein, and that said omission is attributable to the appellant; that these documents would enable this court to revise the judgment appealed from, and are necessary to that end, and that the record being incomplete and mutilated by the fault of the appellant, the appeal should be dismissed. The motion comes too late. It should have been made within three judicial days after the record was filed here. 17 An. 21; 18 An. 191; 19 An. 276.

Motion dismissed.

## On the Merits.

HOWELL, J. The only question in this case is one of jurisdiction.

A. Rochereau & Co., as agents of the tutrix of the minor heirs of J. F. Pepin, who reside in France, leased certain property to the plaintiff. A few months before the expiration of the lease the plaintiff brought this suit in the Sixth District Court to annul the lease for certain alleged causes, and for damages, making the tutrix and the agents parties defendant, who filed answers, and, after the case had been at issue for some time, excepted to the jurisdiction of the court; and they rely on section 2011 R. S., which reads: "The Second District Court shall be strictly a probate court, and shall have exclusive jurisdiction only of all successions and probate causes; and all appointments that may be necessary in the course of administration of estates, all matters relative to minors, persons interdicted, and to absentees, or in which they are interested, shall be made and carried on in said court."

The whole section must be construed together. The first clause makes said court strictly a probate court, and subsequent clauses declare what its exclusive jurisdiction shall be; to wit, "only of successions and probate causes," and direct that "all appointments that may be necessary in the course of administration of estates, all matters relative to minors, persons interdicted, and to absentees, or in which they are interested, shall be made and carried on in said court."

This is clearly not a probate cause; nor is it contended that the succession of Pepin is in course of administration in the Second District Court. It is alleged by the plaintiff that the minors are in possession of the property in question, through their tutrix, represented by her agents, Rochereau & Co., who executed the lease to her (plaintiff). Under these circumstances the presumption is a fair one that the heirs are in possession, in which contingency it is not denied that the Sixth District Court has jurisdiction, unless the law provides otherwise. Defendants contend that this is certainly a suit in which minors are interested, and that under the express terms of the last clause of the section it should have been brought in the Second District Court.

The minors would be equally interested in a suit by the tutrix against the plaintiffs for the collection of the rent, and yet it is not pretended that the Second District Court would have exclusive jurisdiction of such a suit.

We must construe this clause in connection with the preceding clauses, and hold it to refer to all matters in which minors may be interested in the course of administration of estates falling to them. Any other construction would give the Second District Court exclusive jurisdiction of all suits in which minors might be interested in any degree, as plaintiffs and defendants, co-plaintiffs and co-defendants, which is inconsistent with the first clause of the section and the provision of the constitution on the subject.

It is therefore ordered that the judgment appealed from be reversed, the exception overruled, and the cause remanded to the lower court to be proceeded in according to law.